UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00693-MR
3:22-cv-00695-MR-DCK

| | |
|---|---|
| LANCE RICHARDSON PAGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| DAVID BROGDON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaints filed in Civil Case No. 3:22-cv-00693-MR ("CV 693"), Doc. 1, and Civil Case No. 3:22-cv-00695-MR-DCK ("CV 695"), Doc. 1, filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [CV 693, Docs. 2, 9; CV 695, Docs. 2, 8].

I. **BACKGROUND**

Pro se Plaintiff Lance Richardson Pagan ("Plaintiff") is a federal prisoner currently incarcerated at Edgefield FCI in Edgefield, South Carolina.[1] [See Criminal Case No. 3:22-cr-00010-RJC-DSC-1 ("CR")]. On

---

[1] The docket in this matter still reflects that Plaintiff is detained at the Catawba County Detention Center in Newton, North Carolina. According to the Bureau of Prisons website, however, Plaintiff is now at FCI Edgefield and has failed to update the Court of his new

January 12, 2022, a Criminal Complaint sworn by J. David Brogdon, Federal Bureau of Investigations (FBI) Task Force Officer (TFO) employed by the Gastonia Police Department (GPD), was filed against Plaintiff. [CR Doc. 1]. Plaintiff was arrested the same day pursuant to an arrest warrant issued by a Magistrate Judge. [CR Doc. 2; 1/12/2022 Docket Entry]. On January 19, 2022, Plaintiff was charged in a seven-count Indictment on various drug and firearm charges in conformity with the charges listed on the arrest warrant. [CR Doc. 7; see CR Doc. 2]. A Superseding Indictment was filed on March 15, 2022. [CR Doc. 17]. Plaintiff proceeded to trial and was found guilty on two counts, including possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Five) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Seven). [CR Doc. 74]. The jury was hung on the remaining five counts and the Court declared a mistrial as to those counts. [See id.; 10/4/2022 Oral Order]. Thereafter, the Court granted the Government's motion to dismiss the remaining counts. [CR Docs. 79, 84]. Plaintiff was sentenced on March 20, 2023 to a total term of imprisonment of 300 months. [CR Doc. 140 at 2]. Judgment on Plaintiff's conviction was

---

address. The Court will order Plaintiff to update his address with the Court or face dismissal of this action without prejudice.

entered on March 27, 2023. [Id.].

Now before the Court are Plaintiff's Complaints, which he purports to bring under 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In Case No. 3:22-cv-693, Plaintiff names the following Defendants: David Brogdon and Derick Meek, identified as employees of the Gaston County Police Department (GCPD); Ron Brown, identified as the Sheriff of "Newton County Catawba;" and Shannon LNU, identified as a Nurse at the "Newton Catawba County Jail."[2] Plaintiff sues all Defendants in their individual and official capacities.

In this Complaint, Plaintiff alleges that, on January 12, 2022, Defendants Brogdon and Meek falsely arrested Plaintiff. [CV 693, Doc. 1 at 3-5]. Plaintiff also alleges that he has been denied the medical care he needs from injuries he suffered during a 2015 assault.[3] Plaintiff alleges that he suffers from headaches and back pain from this assault and that on "his arrival at all facilities," including "Charlotte Mecklenburg, McDowell County & Newton County jails," he has reported these issues. Plaintiff also alleges

---

[2] Newton, North Carolina, is the county seat of Catawba County, North Carolina.

[3] The Plaintiff filed a <u>Bivens</u> action addressing the alleged 2015 assault in Case No. 3:20-cv-414-MR, which was dismissed on initial review as barred by the statute of limitations and abstention and immunity principles. <u>Pagan v. FBI</u>, 2020 WL 5899106 (W.D.N.C. Oct. 5, 2020). The Fourth Circuit Court of Appeals affirmed. <u>Pagan v. FBI</u>, 2022 WL 986987 (4th Cir. Mar. 31, 2022).

3

Case 3:22-cv-00695-MR-DCK   Document 14   Filed 06/20/23   Page 3 of 13

that the "Federal Bureau has denied [Plaintiff] to go to a hospital." Plaintiff makes no allegations specific to Defendants Brown or Shannon LNU. [Id., id. at 5]. Plaintiff claims that Defendants violated his rights under the Fourth, Fifth, and Eighth Amendments. [Id., id. at 3]. For injuries, Plaintiff claims that he has suffered from unresolved injuries from the 2015 assault and that he lost certain assets due to the false arrest. [Id., id. at 5]. For relief, Plaintiff seeks $1.5 million and that Defendants "be punished to the highest extent." [Id., id.].

In Case No. 3:22-cv-695, Plaintiff again names Brogdon and Meek as Defendants and he also names the GCPD, the FBI, and FNU Hoyle, identified as a GDP officer, as Defendants. [CV 695, Doc. 1]. Plaintiff's claims in Case No. 3:22-cv-695 overlap with his claims in Case No. 3:22-cv-693. That is, he claims that Defendants Brogdon, Meek, and Hoyle pulled over his vehicle "without cause," falsely arrested him, and searched his residence without a warrant on January 12, 2022, and that he was "later charged with fruits allegedly found from the search." [Id., id. at 3-5]. For injuries, Plaintiff again references injuries he alleges to have suffered in 2015 during a prior incarceration and claims he was denied access to a hospital for treatment of his "back issues" and headaches. He also asks the Court to enjoin Defendants Brogdon and Meek from investigating and arresting

4

Plaintiff in the future. [Id., id. at 5]. Plaintiff again seeks $1.5 million in damages. [Id., id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Case No. 3:22-cv-00695

As a preliminary matter, the Court will dismiss Plaintiff's Complaint filed in Case No. 3:22-cv-695 without prejudice as duplicative of Plaintiff's Complaint in 3:22-cv-693. While Plaintiff names additional Defendants in the second-filed action, the claims therein are essentially identical to the claims set out in the first-filed action. The Court sees no reason why these actions should be allowed to proceed simultaneously. If Plaintiff wishes to amend his Complaint as set forth below to name the additional Defendants, he may do so in accordance with the terms of this Order.

### B. Case No. 3:22-cv-00693

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint in Case No. 3:22-cv-693, fails initial review for several reasons. First, suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the

City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

Plaintiff purports to sue Defendant Brown, the Catawba County Sheriff; Shannon LNU, an employee of the Catawba County Sheriff's Office; and Defendants Brogdon and Meek, employees of the GCPD; in their official and individual capacities. Plaintiff, however, fails to allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation. As such, Plaintiff has failed to state a claim against Defendants in their official capacities and these claims will be dismissed.

Second, as to Defendants Brogdon and Meek, Plaintiff has failed to state any claim for relief and these claims are barred by Heck v. Humphrey,

7

512 U.S. 477 (1994), in any event. Plaintiff vaguely alleges that these Defendants falsely arrested him. In addition to the paucity of this allegation, the Court may take judicial notice of its own docket. It appears that Plaintiff's arrest was made pursuant to a properly supported warrant. [See CR Doc. 2]. Also, as noted, Plaintiff was convicted of two of the seven charges for which he was arrested. [See CR Doc. 2]. In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, Plaintiff's claims depend on what he contends was his wrongful arrest and imprisonment by Defendants Brogdon and Meek. As such, a judgment in Plaintiff's favor would imply the invalidity of his conviction in the underlying criminal matter. Plaintiff, however, has not alleged that his conviction has been vacated or otherwise invalidated (and the Court's own docket shows that it has not). Therefore, his claims against Defendants Brogdon and Meeks appear to be barred by Heck.

Third, Plaintiff has failed to state a claim under the Eighth Amendment against Defendant LNU or Brown. Plaintiff makes no allegations particular to these Defendants and has otherwise failed to support a claim based on deliberate indifference to a serious medical need in any event. To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Plaintiff alleges only that he was denied care for headaches and back pain caused by a 2015 assault. As to Defendant Brown in particular, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell, 436 U.S. at 694. A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and

unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between [his] inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted). As such, Plaintiff's claims against Defendants Brown and LNU fail initial review and these Defendants will be dismissed.

Finally, Plaintiff also purports to bring this action under Bivens. A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. Bivens, 403 U.S. at 395-97. Bivens' core premise is to deter individual officers' unconstitutional acts. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Dao v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) ("a

Bivens action does not lie against either agencies or officials in their official capacity") (citing Meyer, 510 U.S. at 484-86). Here, Plaintiff alleges that "the Federal Bureau" denied his request to go to a hospital. Even if Plaintiff had named this entity as Defendant, which he did not, his claim would have failed. Federal agencies are not subject to Bivens claims and Plaintiff's allegation is woefully insufficient to state an Eighth Amendment claim in any event. Plaintiff's Bivens claim, therefore, also fails initial review and will be dismissed.

The Court, however, will allow Plaintiff thirty (30) days to amend his Complaint if he so chooses, to properly state a claim upon which relief can be granted that is not Heck-barred. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted.

## IV. NOTICE OF ADDRESS CHANGE

As noted, Plaintiff is now incarcerated at FCI Edgefield. Plaintiff, however, has not notified the Court of his current address. Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.").

11

Case 3:22-cv-00695-MR-DCK   Document 14   Filed 06/20/23   Page 11 of 13

Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Before dismissing this action for failure to prosecute, the Court will give Plaintiff fourteen (14) days in which to notify the Court of his updated address.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Additionally, the Court will allow Plaintiff fourteen (14) days to notify the Court of his new address, or this action will be dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint in Case No. 3:22-cv-00695-MRR-DCK [Doc. 1] is **DISMISSED** as duplicative in accordance with the terms of this Order.

The Clerk is instructed to terminate this action.

**IT IS FURTHER ORDERED** in Case No. 3:22-cv-00693-MRR that:

(1)  Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice and without further notice to Plaintiff.

(2)  Defendants Brogdon, Meek, Brown, and LNU are **DISMISSED without prejudice** as Defendants in this matter in accordance with the terms of this Order.

(3)  Plaintiff's official capacity, Fourth, Fifth, and Eighth Amendment, and <u>Bivens</u> claims are hereby **DISMISSED**.

(4)  Plaintiff has fourteen (14) days from this Order to notify the Court of his new address. Plaintiff's failure to timely notify the Court will result of dismissal of this action without prejudice and without further notice to Plaintiff.

(5)  The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: June 19, 2023

Martin Reidinger
Chief United States District Judge